UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:16-cv-00239-FDW

| | |
|---|---|
| NICOLE CUMBERBATCH, | ) |
| Plaintiff, | ) |
| vs. | ) ORDER |
| PHILIP ZIMMERMAN,[1] | ) |
| Defendant. | ) |

**THIS MATTER** is before the Court on Defendant United States of America's Motion to Substitute (Doc. No. 2); Motion to Dismiss, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) (Doc. No. 3); and in the alternative, for Summary Judgment, pursuant to Fed. R. Civ. P. 56 (Doc. No. 3). On June 9, 2016, the Court notified Plaintiff of her obligation to respond to the government's motions, consistent with the principles set forth in Roseboro v. Garrison, 528 F.2d 309 (4 Cir. 1975). (Doc. No. 4). Plaintiff failed to timely respond. For the reasons stated below, Defendant's Motion to Substitute and Motion to Dismiss are GRANTED.[2]

### I. Background

Plaintiff filed this suit *pro se* in the District Court for Mecklenburg County, North Carolina, on May 9, 2016. Plaintiff initially commenced this suit against Philip Zimmerman. As explained below, Plaintiff's Complaint only includes a short statement in support of her allegations of

---

[1] Although Philp Zimmerman is the named Defendant in Plaintiff's Complaint, real party of interest is the United States of America as addressed herein.

[2] This Order and the reasons set forth are related to a similar order by the Honorable Graham C. Mullen granting defendant's motions for similar reasons. See Cumberbatch v. United States of America, No. 3:16-cv-00238-GCM, 2016 WL 3456976 (W.D.N.C. June 21, 2016).

1

stalking and nonconsensual sexual harassment. In her Complaint, Plaintiff merely alleges that Zimmerman "raised his hand at me . . . he was going to physically harmed [sic] me. Leaving me scared and threatened." (Doc. No. 1). Because the Motion to Substitute and 12(b)(1) Motion to Dismiss for lack of subject matter jurisdiction allow consideration of evidence beyond the face of the Complaint, this Court looks to the factual background contained in the Declaration of Philip Zimmerman (Doc. No. 2–3).[3]

Plaintiff, Nicole Cumberbatch, is a city carrier at the Minuet Post Office. (Doc. No. 2-3). Philip Zimmerman is employed by the United States Postal Service ("USPS") as a Manager at the Minuet Post Office. Id. His duties include managing the daily operations of the Minuet Post Office and overseeing the supervision of the carriers. Id. Zimmerman is Plaintiff's second level supervisor. Id. Deidre Jones was Plaintiff's immediate supervisor. Id.

On May 7, 2016, Zimmerman was informed that Plaintiff refused Jones's instruction to carry Route 1048, instead of her original route assignment, Route 1059. (Doc. No. 2-3). When Zimmerman went to the Minuet Post Office to speak with Plaintiff, Plaintiff informed Zimmerman that she felt as if Jones threatened her. Id. However, when Plaintiff failed to provide more detail regarding her accusation, Zimmerman informed Plaintiff that she was obligated to deliver Route 1048 as part of her "string."[4] Id. Zimmerman advised Plaintiff that an investigative interview would be scheduled to address her insubordination. Id. Plaintiff then submitted a request for overtime in order to deliver Route 1028, which Zimmerman denied. Id. In response, Plaintiff then stated that she would not drive the vehicle that she was assigned for Route 1048. Id. Zimmerman was served with the summons and complaint on May 10, 2016. (Doc. No. 2-3).

---

[3] This Court considered only the allegations in Plaintiff's Complaint for the purposes of the 12(b)(6) Motion to Dismiss for failure to state a claim.
[4] "String" refers to the specific routes USPS carriers are expected to deliver. (Doc. No. 2–3).

On May 16, 2016, the Office of the United States Attorney filed a Notice of Removal of this case to the United States District Court for the Western District of North Carolina pursuant to Title 28, United States Code, Sections 1442(a)(1) and 2679(d)(2). (Doc. No. 1). On May 19, 2016, the Office of the United States Attorney filed a Motion to Substitute the United States and to Dismiss Individual Defendant. (Doc. No. 2). This motion was based upon certification by the United States Attorney that the individual defendant, Philip Zimmerman, was acting within the scope of his federal employment in connection with the events alleged in the Complaint. (Doc. No. 2). On May 27, 2016, the Office of the United States Attorney filed a Motion to Dismiss for lack of jurisdiction and failure to state a claim. The Court allowed Plaintiff until June 23, 2016 to respond. (Doc. No. 4). Plaintiff failed to file a response in accordance with the Roseboro order, and the deadline for doing so has long expired.

## II. Standard of Review

### A. Motion to Substitute

Defendant asks the Court to substitute the United States for individual defendant, Philip Zimmerman, who was individually named as the sole defendant in Plaintiff's *pro se* Complaint. The Federal Employee Liability Reform and Tort Compensation Act of 1988 ("FTCA") provides guidance as to the merits of Defendant's assertion with respect to substitution:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

28 U.S.C. § 2679(d)(1). When a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1).

3

Once this certification has been made, the United States is substituted as the sole defendant and all suits filed in state court are removed to federal court. Id. However, when a certification decision is challenged, the appropriateness of the substitution is subject to judicial review. Borneman v. United States, 213 F.3d at 825.

When a district court reviews this issue, the certification "serves as prima facie evidence and shifts the burden to the plaintiff to prove by a preponderance of the evidence that the defendant federal employee was acting outside the scope of his employment." Gutierrez v. D.E.A., 111 F.3d 1148, 1153 (4th Cir.1997), cert. denied, 522 U.S. 931, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997); see Maron v. United States, 126 F.3d 317, 322-23 (4th Cir.1997); Martinez v. D.E.A., 111 F.3d 1148, 1155.

To meet this burden, the plaintiff must come forward with "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation." Webb v. United States, 24 F.Supp.2d 608, 612 (W.D.Va. 1998) (quoting Gutierrez, 111 F.3d at 1155); see Martinez, 111 F.3d at 1155 (explaining that the plaintiff must submit "specific evidence or the forecast of specific evidence that contradicts the Attorney General's certification decision, not mere conclusory allegations and speculation"). In determining whether the plaintiff has, in fact, met his burden of rebutting the prima facie case, the district court may not simply defer to the certification decision. Instead, "the scope-of-employment question under the Westfall Act is one of law and thus must be reviewed [by the district court] under a de novo standard." Webb, 24 F.Supp.2d at 613 (internal citation omitted).

**B. Motion to Dismiss**

Defendant also moves to dismiss this case for lack of subject matter jurisdiction and failure to state a claim. For a federal court to adjudicate a matter, it must first have subject matter

4

jurisdiction. Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of a lawsuit. When a defendant challenges the existence of subject matter jurisdiction, the plaintiff bears the burden of proving that subject matter jurisdiction exists. U.S. ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009) (internal citation omitted). However, if "'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may then go beyond the allegations of the complaint and resolve the jurisdictional facts in dispute by considering evidence outside the pleadings, such as affidavits." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982). The district court grants a Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).

Under Rule 12(b)(6), the court is required to dismiss a plaintiff's complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint will survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim if it contains facts sufficient to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 566 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 663. Accordingly, the court may grant a motion to dismiss only if "it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957).

In considering a motion to dismiss, the court must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000). Nevertheless, "while [the court] must take the facts in the light most favorable to the plaintiff, [the court] need not accept the legal conclusions drawn from the facts . . . [or] unwarranted inferences, unreasonable conclusions, or arguments." Id.

When considering a motion to dismiss involving *pro se* parties, courts should construe the pleadings liberally to ensure that valid claims do not fail merely for lack of legal specificity. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978); see generally Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). This liberal construction, however, need not extend to outright advocacy for the *pro se* plaintiff. Gordon, 574 F.2d at 1151. While pleadings from *pro se* litigants are entitled to some leniency, they are still bound to follow the rules of procedure. See McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

### III. Analysis

**A. Motion to Substitute**

Defendant contends that the substitution of the United States in this matter is proper because Zimmerman was acting within the scope of his employment at the time the alleged assault took place. As previously explained, when a federal employee is sued, the United States Attorney, acting on behalf of the Attorney General, must certify whether that employee was in fact acting within the scope of his or her employment at the time of the alleged tortious act. 28 U.S.C. § 2679(d)(1). Here, Plaintiff failed to respond to Defendant's Motion to Substitute, despite being

warned about the consequences of failing to respond as provided in this Court's <u>Roseboro</u> order. Without Plaintiff's challenge to Defendant's Motion to Substitute, this Court finds that Defendant's certification is proper and that Plaintiff's claim shall be deemed an action against the United States of America.

**B. Motion to Dismiss**

Defendant argues that Plaintiff's claims fail whether it is construed as a tort claim, employment discrimination claim, or a claim under North Carolina's civil no-contact statute. Again, Plaintiff failed to provide any response in opposition to these arguments. This Court agrees with Defendant.

The FTCA "creates a limited waiver of the United States' sovereign immunity by authorizing damages actions for injuries caused by the tortious conduct of federal employees acting within the scope of their employment, when a private person would be liable for such conduct under state law." <u>Suter v. United States</u>, 441 F.3d 306, 310 (4th Cir. 2006). To the extent that Plaintiff attempts to allege a claim for assault and battery, the United States has not waived sovereign immunity for such an alleged tort. Further, to the extent Plaintiff attempts to bring a claim under the FTCA, Plaintiff has failed to demonstrate that she has exhausted administrative remedies, pursuant to 28 U.S.C. § 2675(a).

Under the FTCA, prior to bringing an action against the United States, a claimant "shall have first presented the claim to the appropriate Federal agency. <u>Id</u>. The requirement for filing an administrative claim is jurisdictional and cannot be waived. <u>Kielwien v. United States</u>, 540 F.2d 676, 679 (4th Cir.), <u>cert. denied</u>, 429 U.S. 979 (1976). The Fourth Circuit has held that the filing of a civil suit in state court does not constitute presentation to the federal agency. <u>See</u> <u>Henderson v. United States</u>, 785 F.2d 121, 125 (4th Cir. 1986). Absent the application of the FTCA, this

Court lacks subject matter jurisdiction over Plaintiff's assault claim. Thus, "dismissal is mandatory when a plaintiff fails to file a claim with the administrative agency." Id. at 124. Because Plaintiff has failed to establish that she exhausted administrative remedies, a prerequisite to suit under the FTCA, this Court lacks jurisdiction over any federal tort claim she may be attempting to articulate.

To extent that Plaintiff is attempting to claim discrimination in violation of Title VII of the Civil Rights Act, she has again failed to establish that she exhausted her administrative remedies. Plaintiff's failure to establish that she filed a charge with the Equal Employment Opportunity Commission deprives this Court of subject matter jurisdiction over any Title VII claim. See Hentosh v. Old Dominion Univ., 767 F.3d 413, 417 (4th Cir. 2014) (finding that "failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim") (internal citation omitted).

Finally, the Court also finds that, despite the liberal construction that it must afford Plaintiff's claims, the Complaint does not allege sufficient facts to support a plausible inference of nonconsensual sexual harassment or stalking. See N.C. Gen. Stat. § 50-C1(4) (defining "sexual conduct" as "an intentional or knowing touching, fondling, or sexual penetration by a person, either directly or through clothing, of the sexual organs, anus, or breast of another, whether an adult or minor, for the purpose of sexual gratification or arousal"); N.C. Gen. Stat. § 50-C1(6) (defining "stalking" as "on more than one occasion, following or otherwise harassing, as defined in G.S. 14-277.3A(b)(2), another person without legal purpose"). Here, Plaintiff fails to allege that Zimmerman engaged in any conduct covered by the statute. Thus, this Court finds that Plaintiff has failed to state a claim upon which relief could be granted for stalking or nonconsensual harassment.

## IV. Conclusion

Pursuant to this Court's <u>Roseboro</u> order, Plaintiff was warned that her failure to respond "may result in Defendant being granted the relief it seeks, that is, the dismissal of the Complaint." (Doc. No. 4). Despite this warning, Plaintiff did not submit any response to the pending motions and therefore also failed to carry her burden to show how this Court has subject matter jurisdiction over her claims. Moreover, Plaintiff has failed to articulate how her complaint states claims upon which relief can be granted. Accordingly, and for the reasons stated above, Defendant's Motion to Substitute and Motion to Dismiss for lack of subject matter jurisdiction are GRANTED. Plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: August 2, 2016

_____
Frank D. Whitney
Chief United States District Judge